UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

CHARLES SAWYER,

            Defendant.

REPORT & RECOMMENDATION

05-CR-6053L

---

## PRELIMINARY STATEMENT

By Order of Hon. David G. Larimer, United States District Judge, dated April 14, 2005, all pre-trial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 2).

Defendants Dameion Stanley ("Stanley") and Charles Sawyer ("Sawyer") are charged in a five-count indictment. The first count charges Stanley and Sawyer with distributing marijuana and possessing it with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. § 2. The second count charges them with conspiring to commit the offense charged in Count One, in violation of 21 U.S.C. § 846. Count Three charges them with possessing a firearm in furtherance of the drug trafficking crimes charged in the previous two counts, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. Counts Four and Five charge Stanley and Sawyer, respectively, with possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2) and 2. Each of the charged offenses is alleged to have occurred on February 25, 2005. (Docket # 1).

Currently pending before this Court for a report and recommendation is Sawyer's motion to suppress statements.[1] (Docket # 27). For the following reasons, it is the recommendation of this Court that Sawyer's motion be denied.

## FACTUAL BACKGROUND

This Court conducted an evidentiary hearing on October 26, 2005. The sole witness presented by the government was Officer Martin Logan of the Rochester Police Department. No witnesses were called by the defense.

Officer Logan testified that on February 25, 2005, Sawyer was arrested following a controlled purchase of narcotics in which he was involved. (Tr. 4-5).[2] Logan did not participate either in the controlled purchase or Sawyer's arrest; rather, beginning at approximately 3:54 p.m., he assisted in processing and interviewing Sawyer following his arrest. (Tr. 4-5).

Before questioning him, Logan gathered Sawyer's pedigree information. (Tr. 5). According to Logan, Sawyer did not appear to be under the influence of either drugs or alcohol.

---

[1] Sawyer's omnibus motion also sought, inter alia, discovery and inspection, Brady material, Jencks material, a bill of particulars, rulings on evidentiary matters under rules 404, 608 and 609 of the Federal Rules of Evidence, the identification of government informants, severance and disclosure of grand jury materials. (Docket # 27). Each of these requests was either resolved by the parties or decided in open court by the undersigned on October 3, 2005. (Docket ## 33, 35). Sawyer also moved for dismissal of the indictment, claiming it was insufficient and had resulted from grand jury voting irregularities and improper instructions. (Docket # 27). By oral Report and Recommendation, this Court recommended that Sawyer's motions to dismiss be denied. (Docket # 34). Such Report and Recommendation was adopted by the District Court on November 15, 2005. (Docket # 41).

[2] The transcript of the hearing conducted on October 26, 2005 is hereinafter referenced as "Tr. __". (Docket # 39).

Sawyer did not slur his speech, nor did Logan notice the smell of alcohol or marijuana on Sawyer's breath or person. (Tr. 6-7). Sawyer indicated that he understood English and could read and write, and Logan observed that Sawyer appeared responsive to his questions. (Tr. 7). At no time did Sawyer request the assistance of an attorney or that the interview be stopped. (Tr. 13).

After obtaining Sawyer's biographical information, Logan advised him of his *Miranda* rights by reading verbatim from a Rochester Police Department *Miranda* notification card. (Tr. 8-9; G.Ex. 1). Specifically, Logan advised Sawyer:

> You have the right to remain silent. You do not have to say anything if you don't want to. [ ][A]nything you say can be used against you in a court of law. You have the right to talk to a lawyer before answering any questions and have him here with you. If you can't pay for a lawyer, one will be given to you before any questioning, if you wish. If you do wish to talk with me, you can stop at any time.

(Tr. 9). After reading the above warnings, Logan asked Sawyer whether he understood his rights, to which Sawyer replied, "Yes, sir." (Tr. 9). Logan then asked Sawyer, "With these rights in mind[,] do you agree to talk now[?] Again Sawyer responded, "Yes." (Tr. 9). Logan noted Sawyer's responses on the *Miranda* notification card and then, approximately four minutes after the initiation of the interview, proceeded to obtain Sawyer's statement. (Tr. 10, 15; G.Ex. 1).

Logan first obtained Sawyer's statement orally, and then, after receiving the information, memorialized the statement in writing on a Rochester Police Department statement form. (Tr. 10-11, 17-18; G.Ex. 2). When the statement was completed, Logan drew a line at the bottom and provided it to Sawyer. Logan instructed Sawyer to read the statement and to make any corrections. Sawyer declined to make any changes and signed the written statement. (Tr. 12,

3

21). The entire interview lasted approximately sixteen minutes, concluding at 4:10 p.m. (Tr. 13; G.Ex. 3).

## DISCUSSION

Sawyer moves to suppress all statements made during his interview with Officer Logan on February 25, 2005. According to Sawyer, such statements were obtained in violation of his constitutional rights because they were made involuntarily and thus were "not the product of a rational intellect or a free will." (Docket # 27 at 4). The government opposes his motion, contending that Sawyer's statements were properly obtained. (Docket # 29).

It is, of course, well-settled that statements made during custodial interrogation are generally inadmissible unless a suspect first has been advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). In *Miranda*, the Supreme Court held that the prosecution may not use a defendant's statements that are the product of custodial interrogation unless it demonstrates that the defendant was first warned of his Fifth Amendment privilege against self-incrimination and then voluntarily waived that right. *Id.* at 444. In this case, Sawyer was in custody at the police station at the time he was interviewed by Logan on February 25, 2005. The question therefore is whether Sawyer was properly advised of his *Miranda* rights and validly waived them prior to providing the statements.

To establish a valid waiver, the government must prove by a preponderance of the evidence "(1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that

4

right." *United States v. Jaswal*, 47 F.3d. 539, 542 (2d Cir. 1995) (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

The record before this Court demonstrates that Sawyer was advised of his *Miranda* rights and voluntarily agreed to waive them. Specifically, Logan testified that after obtaining Sawyer's biographical information, he advised him of his *Miranda* rights by reading verbatim from a *Miranda* notification card. (Tr. 8-9, G.Ex. 1). Following this recitation, Logan asked Sawyer whether he understood his rights, to which Sawyer responded, "Yes, sir." (Tr. 9). Logan then asked Sawyer whether he agreed to speak with him, and Sawyer again responded, "Yes." (Tr. 9).

Logan observed that Sawyer did not seem to be under the influence of drugs or alcohol during the interview. (Tr. 6-7). Sawyer, who affirmed that he understood English, appeared to understand Logan's questions and respond appropriately to them. (Tr. 7). At no time during the interview did Sawyer request an attorney or that the questioning cease. (Tr. 13).

On this record, I find that Sawyer was adequately advised of his rights pursuant to *Miranda* and that he knowingly and voluntarily waived those rights prior to making the statements at issue. Accordingly, it is my recommendation that Sawyer's motion to suppress the statements he made to Logan on February 25, 2005 be denied.

## CONCLUSION

For the foregoing reasons, it is my report and recommendation that defendant's motion to suppress statements made during an interview on February 25, 2005, **(Docket #27)** be **DENIED**.

**IT IS SO ORDERED.**

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       November 28, 2005.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.</u>**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*Marian W Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       November 28, 2005.

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).